UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MOHAMED ALTHAF KADAR MOHIDEEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-986-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Mohamed Althaf Kadar Mohideen, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

Mr. Mohideen is a native and citizen of India who entered the United States in 2014 on a non-immigrant B2 visitor visa. ECF 7-1 at 2. He overstayed his visa and remained in the country without authorization. *Id.* On March 17, 2026, he was arrested for drug possession in Indiana. *Id.* at 9. He was then transferred into the custody of United States Immigration and Customs Enforcement (ICE) and served with a notice to appear, initiating removal proceedings. *Id.* at 2, 5. On April 22, 2026, an immigration judge ordered him removed to India. *Id.* at 11. He appealed the removal order to the Board of Immigration Appeals (BIA), and his appeal remains pending. *Id.* at 13.

On June 3, 2026, Mr. Mohideen appeared for a custody redetermination hearing before an immigration judge. ECF 7-1 at 16. The immigration judge denied bond,

finding that he failed to meet his burden to show he was not a danger to the community or a flight risk. *Id.* On June 24, 2026, he received a second custody redetermination hearing based on materially changed circumstances. *Id.* at 18. The immigration judge again denied bond after concluding he failed to prove he was not a flight risk, noting his recent marriage while he was in removal proceedings raised an inference that the marriage was one of convenience, his eventual removal was more likely than not, and his youth and lack of property ownership made his ties to the community tenuous. *Id.* at 18-19. Mr. Mohideen did not appeal the bond decisions to the BIA. ECF 1 at 5.

He then filed this habeas petition, arguing his custody redetermination hearings violated due process because the burden was unconstitutionally placed on him to demonstrate he was not a danger to the community or a flight risk. He requests a new custody redetermination hearing where the burden is on the government to justify his continued detention by clear and convincing evidence. In his response, the warden argues this petition should be dismissed because Mr. Mohideen did not exhaust his available administrative remedies before filing this lawsuit, as he did not appeal the immigration judge's decisions denying bond to the BIA. ECF 7 at 3-5.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."

8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). A noncitizen may request a second custody redetermination before an immigration judge, but a hearing will only be granted if the noncitizen shows materially changed circumstances. 8 C.F.R. § 1003.19(e). The noncitizen may appeal the immigration judge's decision on custody redetermination to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant

> the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, it is undisputed Mr. Mohideen did not appeal the immigration judge's decisions denying bond to the BIA. This court previously has held that a discretionary detainee held under § 1226(a) should exhaust his available remedies before bringing his habeas corpus petition. *See Singh v. English*, No. 3:25-cv-1046-CCB-SJF, 2026 WL 775558, at *2 (N.D. Ind. Mar. 19, 2026), *citing Uddin v. Lowe*, No. 3:16-cv-2561, 2017 WL 2960791, at *3 (M.D. Pa. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of bond redetermination to the BIA). The fact the petitioner chose not to file an appeal does not excuse his need to exhaust. *See Bartolon v. Bondi*, 813 F. Supp. 3d 811, 825 (S.D. Ohio 2025) ("Petitioner's apparent failure to timely file a notice of appeal with the BIA regarding his first bond denial is also insufficient to deem exhaustion futile, as exhaustion may not be achieved through a litigant's procedural default of his or her available remedies. Moreover, waiver is inappropriate here because, if the exhaustion requirement were waived in every case where a party failed to timely file for an administrative appeal, then any party could obtain judicial review of initial agency actions simply by waiting for the administrative appeal period to run and then filing an action in district court.") (citation and quotation marks omitted).

Mr. Mohideen argues it would have been futile to appeal the immigration judge's bond decision to the BIA because he is seeking to vindicate his constitutional rights and the BIA lacks jurisdiction to adjudicate constitutional claims. ECF 8 at 1-4. It is true that "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But although Mr. Mohideen challenges the allocation of the burden of proof rather than the immigration judge's weighing of the evidence, the BIA could still afford him relief without resolving that constitutional question. The BIA reviews an immigration judge's factual findings for clear error and questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(i)-(ii). On appeal from the June 24 decision, the BIA could review the immigration judge's findings concerning Mr. Mohideen's marriage, community ties, and prospects for removal. It could then independently assess whether those findings warranted denying bond on flight-risk grounds and conclude that release was warranted under the existing framework. Such a ruling could eliminate the need to decide whether due process required the government to bear the burden of proof. *See Aguilar Gonzalez v. Maples*, No. 4:26-CV-22-TWP-KMB, 2026 WL 1073846, at *5 (S.D. Ind. Apr. 20, 2026) (requiring exhaustion where the petitioner challenged, among other things, the allocation of the burden of proof at her bond hearing); *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion requirement enables courts to avoid deciding cases on

constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Accordingly, the court exercises its discretion to require exhaustion and dismisses Mr. Mohideen's petition for a writ of habeas corpus without prejudice.

For these reasons, the court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus (ECF 1) and instructs the clerk to close this case.

SO ORDERED on September 25, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT