UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MOHAMED ALTHAF KADAR MOHIDEEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-986-CCB-SJF |

**OPINION AND ORDER**

On September 25, 2026, the court dismissed Mohamed Althaf Kadar Mohideen's habeas petition without prejudice because he had not appealed either of his bond denials to the Board of Immigration Appeals (BIA). ECF 9. Mr. Mohideen moves to reconsider under Federal Rule of Civil Procedure 59(e), arguing that the court misapplied the exhaustion doctrine and that additional evidence warrants excusing exhaustion. ECF 12.

Rule 59(e) permits relief based on newly discovered evidence or a manifest error of law or fact. *Oto v. Metropolitan Life Insurance Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A manifest legal error involves the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* Reconsideration does not permit a party to reargue matters already decided or present evidence and arguments that could have been presented before judgment. *Id.*; *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

In seeking reconsideration, Mr. Mohideen emphasizes that he challenges only the constitutionality of placing the burden of proof on him at his bond hearings, a question

the BIA lacks authority to decide. ECF 12 at 3–5. The court understood that argument when it dismissed the petition. ECF 9 at 5. Exhaustion here is prudential and requires consideration of the claim and the available administrative remedy. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016–18 (7th Cir. 2004). As discussed in the order dismissing Mr. Mohideen's habeas petition, the BIA cannot invalidate the governing burden of proof but it can review his custody determination and grant relief under the existing framework.

Specifically, Mr. Mohideen received two custody determinations under 8 U.S.C. § 1226(a), and the second bond denial rested on an individualized assessment of flight risk. ECF 7-1 at 18–19. The BIA can review factual findings for clear error and questions of discretion and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(i)–(ii). A successful appeal could have secured Mr. Mohideen's release and eliminated the need to decide his constitutional claim. His decision to limit his federal challenge to the burden of proof does not establish that such an appeal offered no reasonable prospect of relief. The court remains persuaded that requiring administrative review in these circumstances was appropriate, and the cited authorities do not establish a manifest error in that conclusion.

Mr. Mohideen also argues for the first time in his motion for reconsideration that exhaustion should be excused because (1) recent BIA decisions demonstrate bias against noncitizens and (2) the BIA's substantial backlog would unreasonably delay resolution of his bond appeal. Because Mr. Mohideen could have raised these arguments in his reply to the show cause order, they do not provide a valid basis for reconsideration. *See Moro*, 91 F.3d at 876. In any event, his supporting evidence does not justify excusing exhaustion. Regarding his bias argument, he cites a study reporting that 98 of the BIA's first 100

precedential decisions during a specified period were adverse to noncitizens. ECF 12 at 10–11. Those results do not establish that individual bond appeals generally, or Mr. Mohideen's appeal in particular, offered no reasonable prospect of relief. He identifies no precedent categorically foreclosing his release under § 1226(a) and no particularized basis to conclude that the BIA would refuse to consider his appeal fairly. And as for his delay argument, the aggregate backlog statistics he provides do not identify processing times for bond appeals or show that a timely appeal of either bond denial would have entailed unreasonable delay. ECF 12 at 11. He also emphasizes that his removal appeal, motion to remand, and request to expedite remain pending while his detention has exceeded 200 days (ECF 12 at 2), but the pendency of those removal-related matters does not establish that the BIA would have unreasonably delayed resolution of a separate bond appeal, which he never filed. These materials therefore provide no basis to excuse his failure to exhaust.

For these reasons, the court **DENIES** Mr. Mohideen's motion for reconsideration (ECF 12). The dismissal of his petition without prejudice remains in effect.

SO ORDERED on November 12, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT